UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-0025-04 |
| VERSUS | JUDGE DONALD E. WALTER |
| JEREMY TYLER | MAGISTRATE JUDGE HANNA |

**MEMORANDUM ORDER**

Before the Court is a motion for compassionate release filed pro se by the defendant, Jeremy Tyler ("Tyler"). See Record Document 602. Tyler also filed a "Motion For Injunction Relief." Record Document 604. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Tyler. The Government opposes Tyler's motions. See Record Document 608. Based on the following, the motion for release and the motion for injunctive relief are **DENIED**.

Tyler and ten co-defendants were charged in a twenty-three count indictment, charging various narcotics offenses. Tyler was charged in count one with conspiracy to distribute and possession with intent to distribute cocaine base. See Record Document 1. Count six charged Tyler with possession with intent to distribute cocaine base. Count seven charged Tyler with unlawful use of a communication facility, to wit, a cell phone, in facilitating the commission of an act constituting a felony. See id. Tyler entered a plea of guilty to a one count Bill of Information that was later filed, charging him with conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. See Record Document 323. According to his presentence report, Tyler's guideline range was 130 to 162 months of confinement, which included a criminal history category of VI. See Record Document 436. On July 25, 2016, this Court sentenced Tyler to 86 months of imprisonment. See Record Document 438. Tyler is currently housed at the

Federal Transfer Center in Oklahoma City ("FTC Oklahoma City"). Tyler has a projected release date of September 23, 2023. See Record Document 602 at 2.

On January 4, 2021, Tyler filed a "Motion For Sentence Reduction Under 18 U.S.C. § 3582(C)(1)(A)," seeking compassionate release based on his assertion that his asthma, obesity and high blood pressure make him particularly susceptible to becoming seriously ill if he contracts COVID-19 in prison. Record Document 602. He also complained about the Bureau of Prisons' failure to protect those in its care. See id. Thereafter, Tyler also filed a "Motion For Injunction Relief," wherein he stated essentially the same concerns, but the focus of his complaints regarded the procedures, or alleged lack thereof, that the Bureau of Prisons ("BOP") was taking to protect the inmates at his facility. See Record Document 604.

Tyler filed a Request for Administrative Remedy for Compassionate Release with FTC Oklahoma City on November 3, 2020. See id., Ex. 1. Thirty days have lapsed since the request has been filed with no response from the Warden. Therefore, the Government concedes that Tyler has exhausted his administrative remedies but maintains that his motion fails on the merits. See Record Document 608 at 2. The Government also concedes that Tyler can demonstrate an "extraordinary and compelling reason" as defined in 18 U.S.C. § 3582(c)(1)(A) due to his obesity,[1] as this is a condition recognized by the Centers for Disease Control ("CDC") as a confirmed COVID-19 risk factor.[2] See id. Nevertheless, the Government argues that Tyler that the factors set forth under 18 U.S.C. § 3553(a) counsel against his release. See id.; Record Document 623.

---

[1] Obesity is a COVID-19 confirmed risk factor recognized by the Centers for Disease Control ("CDC") ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Obesity (body mass index [BMI] of 30Kg/m or higher but < 40kg/m)"). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[2] Tyler also alleges that he suffers from asthma and high blood pressure. The CDC lists asthma

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." <u>Dillon v. United States</u>, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody.  <u>See</u> U.S.S.G. § 1B1.13.[3]  However, the Fifth Circuit Court of Appeals recently held that this policy statement

---

and hypertension under the category of "adults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

   (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

   (2)  The defendant is not a danger to the safety of any other person or to the
         community, as provided in 18 U.S.C. § 3142(g); and

3

does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). As previously mentioned, the Government concedes[4] that Tyler can demonstrate that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify his prison sentence based upon a review of his medical records.[5]

---

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

[4] The Government also contends that Tyler cannot meet his burden of establishing an entitlement to a sentence reduction, as he failed to provide any documentation of his asserted medical conditions. See Record Document 608 at 5 (citing, inter alia, United States v. Lotts, 2020 WL 835298 (D. N.M. Feb. 20, 2020) (denying the motion where the defendant did not provide the court with any evidence substantiating his purported conditions or their severity). While this Court could rely on this basis to deny Tyler's motion, the Court notes that Tyler included a copy of his request for medical records and will, in an abundance of caution, proceed to analyze the request on the merits.

[5] In addition, taking Tyler's claims at face value, he would not present a basis for compassionate

Specifically, the Government states: "The United States acknowledges that the defendant presents at least one potential risk factor identified by the CDC as heightening the risk of severe illness or death were the inmate to contract COVID-19, namely obesity." Record Document 608 at 7. Regardless of this concession by the Government, the existence of an "extraordinary and compelling reason" does not end the inquiry. The Court must consider the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Tyler has not demonstrated that he qualifies for compassionate release under the current guidelines. First, Tyler was sentenced in this Court for conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. The instant conviction occurred following a conviction for possession of marijuana, wherein he was originally charged with possession of cocaine, possession of marijuana--2nd offense, possession of a firearm and monies derived from drug violations. He ultimately pled guilty to possession of marijuana--2nd offense and the remaining charges were dismissed, but his probation was revoked and his parole was later revoked. He also has a conviction for possession of cocaine, and the instant offense

---

release but for the COVID-19 pandemic. His medical issues are of a type that can be controlled and do not present any impediment to his ability to provide self-care in the prison. See United States v. Thompson, 984 F.3d 431, 433-34 (5th Cir. 2021).

5

occurred *while he was on unsupervised probation* for a prior conviction.  The Presentence Report also reveals that Tyler has additional history involving drugs, including possession of drug paraphernalia, which began as a charge of possession of cocaine.  Moreover, Tyler stipulated in relation to the current offense that for approximately one year prior to his arrest, he knowingly and willfully conspired with others to distribute or possess with intent to distribute cocaine base.  Furthermore, his statutory minimum sentence was five years for the instant offense and a reduction as requested would result in a sentence that falls below what Congress deemed appropriate for similarly situated defendants.

In examining the Section 3553(a) factors, to reduce Tyler's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Furthermore, a deviation below the mandatory minimum sentence that was set by Congress would create a sentencing disparity between Tyler and other similarly situated defendants, thus invalidating a "just punishment" under 18 U.S.C. § 3553(a)(2)(A).

The Court has also looked at the presence of COVID-19 at the FTC Oklahoma City. There are two inmates and five staff members who are currently testing positive out of 1,125 total inmates.[6] http://www.bop.gov/coronavirus (last updated 04/30/2021).  Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria

---

[6] Two inmates have died from the virus.  No staff members have died from the virus.  However, there are 487 inmates and 66 staff who have recovered from the virus.  www.bop.gov/coronavirus (last updated 04/30/21).

6

for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020)); United States v. Mazur, 457 F.Supp.3d 559, 562-64 (E.D. La. May 4, 2020) (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19).  Tyler has not shown that inmates are currently not receiving adequate medical attention if they contract the virus.  Additionally, Tyler has not shown that the BOP is unable to adequately manage the COVID situation.  Furthermore, it appears that Tyler's facility has begun the vaccination of some of the inmate population based on priority of need in accordance with CDC guidelines, with 110 inmates having been fully vaccinated as of April 30, 2021.  See www.bop.gov/coronavirus.  This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.  Therefore, the Court finds that Tyler has not met his burden to show that he is eligible for a sentence reduction.

The Court shares Tyler's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 7,344 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed

service of their sentence) is 24,798. https://www.bop.gov/coronavirus/(last updated 04/30/2021).

For the foregoing reasons, **IT IS ORDERED** that Tyler's motion for compassionate release and his motion for injunctive relief are **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 3rd day of May, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE